**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-4051

DERRICK LAVALLE WIGGINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-85-BO)

Submitted: October 29, 1999

Decided: November 29, 1999

Before HAMILTON and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, John S. Bowler, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Derrick LaValle Wiggins ("Wiggins") appeals his convictions and sentence for armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (1994), use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C.A.§ 924(c)(1) (West Supp. 1999), and aiding and abetting with respect to both crimes in violation of 18 U.S.C. § 2 (1994). Finding no reversible error, we affirm.

On January 27, 1998, Wiggins and three co-defendants robbed the Central Carolina Bank and Trust in Raleigh, North Carolina. Wiggins' co-defendants cooperated with the Government and testified in detail as to the planning of the robbery. According to trial testimony, Wiggins obtained a shotgun from co-defendant Ambakisye Asim Ayoluwa ("Ayoluwa") at least one day prior to the robbery. Together, Wiggins and Ayoluwa sawed off both the stock and the barrel of the shotgun. Wiggins, co-defendant Jermaine Vincent Bethel ("Bethel"), and Ayoluwa subsequently met at Ayoluwa's trailer and planned the robbery.

On the day of the robbery, Wiggins and Bethel entered the bank and jumped over the teller counter. They carried a silver pistol and a sawed-off shotgun respectively. As Wiggins and Bethel collected cash from the teller drawers, they heard a car horn warning that seemed to lead to their frantic departure. As they made their escape, the tellers identified the getaway vehicle as a dark Jeep Cherokee that co-defendant Antonio Reese admitted to stealing earlier that day. The bank sustained a loss of $20,266.55.

The Raleigh Police Department recovered the sawed-off shotgun from Bethel's residence as well as $2000 from behind Ayoluwa's trailer. The FBI subsequently recovered an empty twenty gauge shot-

2

gun shell box, a plastic shotgun butt plate, and a shotgun recoil pad during a search of Wiggins' trailer. Additionally, Rasheeda Jordan, the mother of Wiggins' child, testified that prior to the robbery they were very short of funds. She recalled that Wiggins had disappeared the day of the robbery and reappeared the next day with $850 in cash to cover the bills.

Based on this evidence and other testimony provided at trial, a jury found Wiggins guilty of armed bank robbery, use of a firearm during and in relation to a crime of violence, and aiding and abetting with respect to both crimes. Wiggins raises three issues on appeal: (1) whether the district court erred in enhancing the sentence imposed for Wiggins' § 924(c)(1) violation on the basis that the offense involved a short-barreled shotgun, without requiring a jury finding as to the type of firearm used; (2) whether the Government's offer of a possible substantial assistance motion in exchange for the co-defendants' cooperation constituted an illegal gratuity pursuant to 18 U.S.C. § 201(c)(2) (1994); and (3) whether sufficient evidence supported Wiggins' conviction for armed bank robbery.

Citing Jones v. United States, 526 U.S. 227 (1999), Wiggins first argues that § 924(c)(1)'s enhancement provision is a separate element of a § 924(c)(1) offense, and therefore, the jury was required to make a finding as to the type of firearm used in the offense.* During the trial, however, Wiggins did not object to the district court's jury instruction. Accordingly, our review is limited to plain error.

Before an appellate court can correct an error not raised at trial, there must be (1) an "error," (2) that is"plain," and (3) that "affect[s]

_____

*In Jones, the Supreme Court addressed the federal carjacking statute, 18 U.S.C.A. § 2119 (West Supp. 1999), which generally provides for a maximum sentence of fifteen years of imprisonment. The statute provides, however, a sentence of up to twenty-five years if serious bodily injury results from the offense, or up to life imprisonment or the death penalty if death results. The Supreme Court held that the provisions establishing higher penalties set forth additional elements of the offense. Facts triggering an enhancement, therefore, needed to be submitted to a jury and proven by the Government beyond a reasonable doubt. See Jones, 119 S. Ct. at 1219.

3

substantial rights." <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993). In determining whether the error is "plain," <u>Olano</u> explains that "[a]t a minimum, a court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." <u>Id.</u> at 734. If a defendant establishes these three prongs, the appellate court must then determine that the forfeited error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 732.

In light of the split between the circuits that have considered the issue, we cannot conclude "that the error is clear under current law." <u>Compare United States v. Eads</u>, No. 98-1331, 1999 WL 626094, at *8 (10th Cir. Aug. 18, 1999) (to be reported at 191 F.3d 1206) (concluding, after <u>Jones</u> was decided, that the type of firearm used or carried is a sentencing enhancement under § 924(c) rather than an element of the offense), <u>and United States v. Castillo</u>, 179 F.3d 321, 327-28 (5th Cir. 1999) (same), <u>with United States v. Alerta</u>, 96 F.3d 1230, 1235 (9th Cir. 1996) (concluding that the type of firearm used is an element of the offense under § 924(c)), <u>and United States v. Sims</u>, 975 F.2d 1225, 1235-36 (6th Cir. 1992) (same). Consequently, Wiggins cannot satisfy the first two prongs for establishing plain error.

Even if Wiggins had established that the district court had committed "an `error' that is `plain' and that `affect[s] substantial rights,'" <u>Olano</u>, 507 U.S. at 732, Wiggins fails to establish the fourth prong. Wiggins cannot show that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings" because the evidence that he used or possessed a short-barreled shotgun in furtherance of the bank robbery was "overwhelming" and "essentially uncontroverted." <u>Johnson v. United States</u>, 520 U.S. 461, 470 (1997) (affirming defendant's conviction notwithstanding an error in omitting an element of the crime in the jury instructions).

With respect to the other issues Wiggins raises on appeal, we find that the district court did not abuse its discretion in denying Wiggins' motion to suppress the statements of his co-defendants on the ground that their statements were made in exchange for promises of leniency in violation of 18 U.S.C. § 201(c)(2). As we recently held, the Government "does not violate § 201(c)(2) by granting immunity or leniency or entering into plea agreements to obtain testimony." <u>See</u>

4

United States v. Richardson, No. 98-4139, 1999 WL 686892, *4 (4th Cir. Sept. 3, 1999).

We also conclude that sufficient evidence supported Wiggins' conviction for armed bank robbery. We must uphold a jury's verdict if, taking the view most favorable to the Government, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports Wiggins' conviction.

Accordingly, we affirm Wiggins' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED